IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3178-D

| | | |
|---|---|---|
| DENNIS HOWARD NEWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HUBERT ANTHONY PETERKIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Dennis Howard Newson ("Newson" or "plaintiff"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Newson seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. Newson names Hoke County Sheriff Hubert Anthony Peterkin, Hoke County Detective Gary Hammonds, "Hoke County Municipality," "Cumberland County Municipality," and attorney Andre Hogan as defendants. Compl. 2–3. On October 12, 2010, Newson filed a motion for amercement [D.E. 4].[1]

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis"

---

[1] The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Newson's complaint is difficult to understand. Newson alleges that on March 10, 2010, he was "arrested for attempted murder on law officers" by Fayetteville police officers following "a verbal exchange" between Newson and Hoke County Sheriff Peterkin in the parking lot of a Western Sizzlin restaurant. Compl. 3. According to Newson, Sheriff Peterkin (whom Newson "sued in 2008 for $5,000,000.00") "was in front of [Newson's] car giving [him] the middle finger and blowing kisses." Id. Newson alleges that Sheriff Peterkin directed defendant Detective Hammonds to arrest Newson, but, because they were in Cumberland County, Hammonds was "outside of [his] jurisdiction." Thus, Hammonds "call[ed] someone who [could arrest Newson] . . . and started to pull his gun." Id. Newsom then "called 911 and drove off," ultimately pulling over and submitting to arrest by Fayetteville police officers. Id.

Newson's complaint then describes various pre-trial proceedings in the state criminal case against him, including a competency evaluation at Dix Hospital, occurring in the summer of 2010. Id. at 4–5. It appears that Newson hired defendant Hogan to represent him, but became dissatisfied

2

with Hogan's representation, and in August 2010 "verbally fired him and filed motions to the same." Id. Newson asserts the entire criminal case against him has been fabricated. Id. at 5–6. Newson seeks monetary damages "for all confiscated and or seized property for each day plaintiff was deprived of property," "for alienation of affection and business loss," and "for each day [of] illegal confinement from each party." Id. at 6–7.

Turning first to defendant "Cumberland County Municipality," Newson has failed to state a claim on which relief may be granted. Alleging that a municipal employee committed a constitutional violation is necessary in order to state a claim against a municipality, but is not sufficient. A county may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694–95 (1978). Therefore, a county may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997). Plaintiff has failed to allege any policy or custom of defendant which is responsible for the acts of which he complains. Thus, Newson's claim against "Cumberland County Municipality" is dismissed as frivolous.

As for defendant Hogan, defense attorneys do not act under color of state law and, therefore, are not amenable to suit under section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Thus, Newson's claims against Hogan are dismissed as frivolous.

As for Newson's complaint, which challenges the criminal charges against him, it appears that his state criminal proceedings remain pending. To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

3

unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See, e.g., Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Newson contends that the pending charges against him are invalid; therefore, Newson must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845-46 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Thus, the claim is dismissed.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A, and DENIES Newson's motion for amercement [D.E. 4]. The Clerk of Court is directed to close the case.

SO ORDERED. This 15 day of July 2011.

JAMES C. DEVER III
United States District Judge

4

Case 5:10-ct-03178-D   Document 6   Filed 07/15/11   Page 4 of 4